UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENNARD BARBER | ) |
| | ) CIVIL ACTION |
| Plaintiff | ) |
| v. | ) |
| | ) |
| JP MORGAN CHASE BANK, N.A. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES GENNARD BARBER ("Barber"), by and through his attorneys of the LAW OFFICE OF HERBERT HILL, and complaining against the Defendant and states as follows:

## NATURE OF THE ACTION

1. Mr. Barber brings this action against JP MORGAN CHASE BANK, N.A. ("CHASE") for Chase failing to invoke the protections afforded by the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et. seq. (hereinafter "SCRA,") and suffered damages as a result of repeated violations of the SCRA on the part of Chase. Further, beginning in May of 2012, in an effort to foreclose on Barber's home which was the result of its own systemic errors of failing to verify Barber was protected by the SCRA, Chase violated the SCRA by foreclosing on Barbers home and almost having him evicted from his home by the Sheriff of Cook County.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et. seq.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that

1

the claims arise under the laws of the United States and supplemental jurisdiction over state law claims under 28 U.S.C. §1367. Diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different States and more than $75,000 is in controversy.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff Barber resides in this District, the property that is the subject of this action is situated in this District, and a substantial part of the events or omissions occurred in this District.

## PARTIES

5. Plaintiff GENNARD BARBER ("Barber"), is a natural person residing within this Court's jurisdiction at 1056 N. Lavergne Ave., Chicago, IL 60651.

6. Defendant J.P. Morgan Chase & Co. is a corporation organized under the laws of Delaware, with its principal place of business in New York, New York.

7. Defendant JP Morgan Chase Bank, N.A. is a subsidiary of J.P. Morgan Chase & Co., a national bank organized and existing as a national association under the National Bank Act, 13 U.S.C. §§21 *et seq.*, with its principal offices at 1111 Polaris Parkway, Columbus, OH 43240. Chases' Illinois registered agent is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTUAL ALLEGATIONS

8. Plaintiff Barber is the sole owner of the single family residence commonly known as 1056 N. Lavergne Ave., Chicago, IL 60651. ("the Property")

9. On June 22, 2008, Gennard Barber and Riscinda L. Rogers executed a mortgage for the property commonly known as 1056 North Lavergne Ave., Chicago, IL 60651. (the "Property")

10. Shortly thereafter the mortgage went into default.

11. Barber contacted Chase to informing them that his wife was on active duty in the military.

12. On July 21, 2009, Chase filed a foreclosure complaint in Cook County under case # 09 CH 24677.

13. On June 18, 2010, Barber and Rogers were served by publication.

14. On May 3, 2012, Chase moved for a default judgment. In support of its motion for default, Chase filed affidavits attesting that neither Barber or Rogers were active in the military. <u>Exhibit A</u>

15. On May 25, 2012, Barber appeared in court and informed Chase that he had power of attorney from Rogers, she had not been served, and that she was on active duty in the military.

16. Barber provided Chases' counsel a copy of Rogers and his military I.D. <u>Exhibit B</u>

17. On July 9, 2012, the court entered judgment and foreclosure sale against Barber and Rogers.

18. On August 8, 2012, Barber retained counsel who sought to vacate the judgment entered on July 9, 2012.

19. On November 13, 2012, the property was sold at a sheriff's sale with Chase being the successful purchaser.

20. On February 19, 2013 the sale was confirmed.

21. On January 8, 2014, Barber received a letter from the Sheriff of Cook County informing him to vacate the premises. <u>Exhibit C</u>

22. Barber wrote to Chase requesting protection again under the Servicemembers Civil Relief Act ("SCRA").

23. On or about April 29, 2014 Chase became aware that Rogers was in the military and on active duty beginning August 6, 2007. Exhibit D

24. On May 2, 2014, Chase responded to Barbers letter, and stated based on its records, Barbers loan originated while he was on active duty, and therefore was not eligible for SCRA protections or benefits. Exhibit E

25. On July 1, 2014, Chase filed a motion to vacate the order approving the sale, rescind the judicial sale, and vacate judgment of foreclosure.

26. Chase alleged in its motion that it was under the mistaken belief that neither Rogers nor Barber was active in the military.

27. On September 3, 2014, the motion was granted.

28. On December 11, 2014, the foreclosure case was dismissed without prejudice.

## COUNT I
### Violation of 50 U.S.C. App. 527(b)(2)—Failure to properly implement the protection of the SCRA)

29. Barber incorporates all preceding paragraphs as if fully set forth herein.

30. When Barbers loan went into default, Barber promptly notified Defendant Chase of Ms. Rogers calling to active duty pursuant to the requirements set forth within Section 527(b)(1) of the SCRA.

31. Barbers ex-wife, Riscinda Rogers was on active duty in the Armed Forces of the United States ("Navy") when the foreclosure complaint was filed on July 21, 2009.

32. When Barbers loan went into default, Barber promptly notified Defendant Chase of Ms. Rogers calling to active duty pursuant to the requirements set forth within Section 527(b)(1) of the SCRA.

33. Section 527(b)(2) of the SCRA requires creditors to apply the 6% interest rate limitation to an eligible service member's debt "effective as of the date on which the service member is called to military service."

34. The SCRA states that real or personal property owned by a service member before the service member's military service that secures a mortgage, trust deed, or similar security interest cannot be sold, foreclosed upon, or seized based on a breach of such a secured obligation during the period of military service or one year thereafter without a court order. (This applies to the individual service-member's debt or joint debt with a spouse.)

35. Chase failed filed a foreclosure, sold Barber's home when it knew Ms. Rogers was on active duty in the military service.

36. Chase's violation of this statutory mandate caused Barber actual damages, fear of losing his home, payment of attorney fees, separation from his wife, and consequential damages.

WHEREFORE, Barber respectfully requests the following relief:

(1) Statutory damages;

(2) Litigation expenses and costs of suit; and

(3) Punitive Damages

(4) Such other or further relief as the Court deems proper

## COUNT I
### *Violations of the Illinois Consumer Fraud Act (Unfair)*

37. Barber meets the ICFA definition of "consumer." *See* 810 ILCS 505/1.

38. Chase violated 815 ILCS 505/2 by engaging in unfair acts and practices when it filed a foreclosure complaint when it knew Barber's wife was active in the military, filed an affidavit with the court stating that she was not in the military service which she was, sold the Barbers home, and attempted to have him evicted.

39. Barber has been injured because he was in constant fear and worry he would lose his home and he had to pay attorney fees and court costs.

40. Chase's conduct occurred in the course of trade or commerce.

5

41. An award of punitive damages is appropriate because Chase's conduct was outrageous, willful, and wanton because it knew it did not do a proper search to determine if Ms. Rogers was on Active Duty, but submitted this information to the Court which allowed a judgment to be entered and the sale of Barber's home.

WHEREFORE, Barber respectfully requests the following relief:

(1) Statutory damages;

(2) Litigation expenses and costs of suit; and

(3) Punitive Damages

(4) Such other or further relief as the Court deems proper

## COUNT II
*Violations of the Illinois Consumer Fraud Act (Deceptive)*

42. Barber incorporates all preceding paragraphs as if fully set forth herein.

43. Chase violated 815 ILCS 505/2 by engaging in a deceptive practice when it filed a fraudulent affidavit with the court stating that Ms. Rogers was not in the military service or on active duty, when in fact she was, sold the Barbers home, and attempted to have Barber evicted from the Sheriff of Cook County.

44. Barber has been injured because he was in constant fear and worry he would lose his home and he had to pay attorney fees and court costs.

45. Chase's conduct occurred in the course of trade or commerce.

46. An award of punitive damages is appropriate because Chase's conduct was outrageous, willful, and wanton because it knew it did not do a proper search to determine if Ms. Rogers was on Active Duty, but submitted this information to the Court which allowed a judgment to be entered and the sale of Barber's home.

## COUNT III
### *Intentional Infliction of Emotional Distress*

47. Barber incorporates all preceding paragraphs as if fully set forth herein.

48. Chase's conduct alleged herein, specifically the willful and knowingly filing of a foreclosure complaint when it knew or should have known Ms. Rogers was on active duty based on communications had with Barber and Chase.

49. Barber had to repeatedly get documentation throughout the foreclosure proceedings to prove his wife was on active duty in the military when Chase and its counsel knew or should have known this information.

50. The constant stress and fear of losing the home, disrupting Ms. Rogers while she was on active duty, in conjunction with the long distance relationship caused additional hardships on their relationship which they have since divorced as a result of Chase's acts.

51. Chase disregarded not only their duties and legal obligations to properly search to see if a spouse was on active duty in the military, but completely ignored Barbers documentation supporting his claim that Ms. Rogers was on active duty.

52. As a result of Chase's conduct, Barber has endured severe and extreme emotional distress that resulted in stress, anxiety, lack of sleep, and fear he was going to be evicted.

WHEREFORE, Barber respectfully requests the following relief:

(1) Actual damages;

(2) Litigation expenses and costs of suit;

(3) Punitive Damages for Chase's willful and wanton conduct; and

(4) Such other or further relief as the Court deems proper.

**JURY DEMAND:** Mr. Barber demands a trial by jury.

        Respectfully submitted,


        By: /s/ Herbert Hill
        One of Barber's Attorneys


Herbert Hill
The Law Office of Herbert Hill
605 N. Broadway
Aurora, Illinois 60505
Atty No: 1214853
P:  630-742-0374